# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**CALVIN PLUMMER,**

    **Plaintiff,**

                                        **CASE NO.:**

-vs-

**COMMONWEALTH FINANCIAL
SYSTEMS, INC.,**

    **Defendant.**

_____/

## COMPLAINT

1.    Commonwealth Financial Systems, Inc. "robo-called" his more than 100 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

2.    "Robocalls" are the #1 consumer complaint in America today.

3.    The FTC reported over 3.2 million complaints about robocalls in 2014, of which almost half (1,678,433) occurred after the consumer had already requested that the company stop calling. Federal Trade Commission, National Do Not Call Registry Data Book, FY 2014, at 5 (Nov. 2014). Since this report, the number of complaints has increased. Robocalls are very inexpensive to make.  As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." Senate Hearing at 5.

4.   According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

5.   The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and prevent illegal robocalls.

6.   Congress enacted the TCPA to prevent real harm.  Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

7.   "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

8.   According to findings by the FCC-the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that

wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

9.    Robocalls cause real emotional and money damages for individuals and their families.

## JURISDICTION AND VENUE

10. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

11. The alleged violations described in the Complaint occurred in Tampa, FL.

## FACTUAL ALLEGATIONS

11.    Plaintiff is a natural person.

12.    Plaintiff is a citizen of the United States.

13.    Plaintiff resides in Tampa, FL.

14.    Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

15.    Plaintiff is an "alleged debtor."

16.    Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.,* 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

17.    Defendant is a corporation.

18.    Defendant is a corporation that conducts business in the state of Florida.

19.    Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

20.    The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and 15 U.S.C. § 1692(a)(5).

21.    Defendant made a call to Plaintiff's cellular telephone, (813) 992-7441.

3

22.     Plaintiff is the regular user and carrier of the cellular telephone numbers at issue, (813) 992-7441.

23.     Defendant attempted to collect a debt from Plaintiff.

24.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such a frequency as can be reasonably expected to harass.

25.     Defendant made at least one call to Plaintiff using an "automatic telephone dialing system" (ATDS), as defined in the TCPA, 47 U.S.C. § 227(a)(1).

26.     Each call Defendant made to Plaintiff was made using an ATDS.

27.     Defendant made at least one call to Plaintiff's cellular telephone using an artificial or prerecorded voice, as specified by the TCPA, 47 U.S.C. § 227 (b)(1)(A).

28.     Each call Defendant made to Plaintiff's cellular telephone was with an artificial or prerecorded voice, as specified by the TCPA, 47 U.S.C. § 227 (b)(1)(A).

29.     Defendant has conceded in another lawsuit that the telephone system used to call Plaintiff was in fact an ATDS.

30.     Defendant's counsel has conceded in another lawsuit that the telephone system used to call Plaintiff was in fact an ATDS.

31.     Defendant's counsel's law firm has conceded in another lawsuit that the telephone system used to call Plaintiff was in fact an ATDS.

32.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

33.     Immediately upon receipt of the calls, Plaintiff answered a call from Defendant and informed an agent/representative of the Defendant that their incessant calls were harassing his and demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

34.     During the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone numbers by the use of an ATDS or a pre-recorded or artificial voice.

35.     Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone numbers was done so without the "express permission" of Plaintiff.

36.     Additionally, in or about December, 2016, Plaintiff answered another call from the Defendant, explained that he has told them to stop calling before, that he does not have the money to pay them and again demanded that Defendant stop calling his aforementioned cellular telephone number.

37.     Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

38.     Defendant has recorded at least one conversation with Plaintiff

39.     Defendant has recorded numerous conversations with Plaintiff.

40.     Despite actual knowledge of their wrongdoing, and that they did not have Plaintiff's consent, the Defendant continued its barrage of phone calls to Plaintiff's aforementioned cellular telephone numbers in an attempt to collect a debt.

41.     Defendant made at least one call to (813) 992-7441 using an ATDS.

42.     Defendant made at least twenty (20) calls to (813) 992-7441 using an ATDS.

43.     Defendant made at least fifty (50) calls to (813) 992-7441 using an ATDS.

44.     Defendant made at least one hundred (100) calls to (813) 992-7441 using an ATDS.

45.     Defendant made at least one call to (813) 992-7441 using a pre-recorded or artificial voice.

46.     Each call the Defendant made to Plaintiff in the last four years was made using an ATDS.

47.     Defendant placed approximately 100  automated calls to Plaintiff's aforementioned cellular telephone (or as will be established after a thorough review of Defendant's records), despite Plaintiff revoking any consent Defendant may have had to place calls to her aforementioned cellular telephone number.

48.     By effectuating these unlawful phone calls, Defendant has caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

49.     Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

50.     Defendant's phone calls harmed Plaintiff by wasting her time.

51.     Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the battery life on her cellular telephone, and by using minutes allocated to Plaintiff by her cellular telephone service provider.

52.     Defendant's corporate policy and procedures is structured as to continue to call individuals like Plaintiff, despite these individuals revoking any consent the Defendant may have had.

53.     Defendant's, corporate policy and procedures provided no means for Plaintiff to have her aforementioned cellular numbers removed from the call list.

54.     Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

55.     Plaintiff expressly revoked any consent Defendants may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendants' placement of the calls.

56.     Defendant violated the TCPA with respect to Plaintiff.

57.     Defendant willfully or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

58.     Plaintiff incorporates Paragraphs one (1) through fifty-seven (57).

59.     Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

60.     Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

61.     Plaintiff incorporates Paragraphs one (1) through fifty-seven (57).

62.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

63.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

64.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

65.     Defendant has violated Florida Statute §559.72(9) by attempting to enforce a debt when Defendant knows that the debt is not legitimate or assert the existence of some legal right when Defendant knows that right does not exist.

66.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

### COUNT III
### (Violation of the FDCPA)

67.     Plaintiff incorporates Paragraphs one (1) through fifty-seven (57).

68.     At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 et seq.

69.     Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

70.     Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

71.     Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

s/*Amanda Allen*
**Amanda J. Allen, Esquire**
Florida Bar No.: 0098228
William "Billy" Peerce Howard, Esq.
Florida Bar No.: 0103330
THE CONSUMER PROTECTION FIRM
210-A South MacDill Avenue
Tampa, FL 33609
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Amanda@TheConsumerProtectionFirm.com
Shenia@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*